IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARK ROGERS,<br><br>          **Plaintiff,**<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS<br>    SERVE:<br>    Unified Government Clerk's Office<br>    701 N. 7th Street, Suite 323<br>    Kansas City, Kansas 66101<br><br>          **Defendant.** | Case No.:<br><br><br><br><br><br>**REQUEST FOR JURY TRIAL** |

**COMPLAINT**

COMES NOW, Plaintiff Mark Rogers (hereinafter, "Plaintiff" or "Rogers") by and through his undersigned counsel and for his Complaint against Defendant Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter, "Defendant" or "UG") alleges and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a citizen of the United States, residing in Wyandotte County, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as amended, and the Kansas Wage Payment Act, K.S.A. 44-313 *et seq.* ("KWPA"), and the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA").

1

2. Defendant UG is a municipality organized under the laws of the state of Kansas. At all times pertinent to this Complaint for Damages, Defendant UG was an "employer" within the ADA.

3. All of the unlawful acts and practices set forth below were committed within the city of Kansas City, Wyandotte County, Kansas. Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURE AND PROCEDURAL POSTURE

4. On or about August 28, 2024, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination by Defendant. (A copy of the Charge of Discrimination is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth herein).

5. On or about June 2, 2025, the Department of Justice ("DOJ") issued to Plaintiff a Notice of Right to Sue and this lawsuit was filed within 90 days of the receipt of the DOJ's Notice of Right to Sue. (A copy of the Notice of Right to Sue for Plaintiff is attached hereto as Exhibit B and incorporated by reference as if fully set forth herein).

6. The aforesaid Charges of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC investigation of Plaintiff's claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

7. Through the filing of Plaintiff's Charge of Discrimination, Defendant was afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

8. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff is a Black man.

10. Plaintiff suffers from post-traumatic stress disorder ("PTSD").

11. Plaintiff began working for Defendant in or around May of 2019 as Recreational Specialist.

12. During his employment with Defendant, Plaintiff witnessed a pattern of Black employees, especially Black male employees, being treated less favorably than employees of other races.

13. Black male employees received less favorable jobs and less pay as compared to individuals of other races and many of the individuals in upper management were White.

14. Black employees were scrutinized more heavily in their work and were disciplined and written up more frequently than individuals of other races.

15. Plaintiff also noticed that manager, Shaya Lockett, who is a Black woman, treated Black men much more negatively than Black women.

16. On or about October 7, 2022, there was a shooting in the fields of Defendant's recreation center.

17. Plaintiff was in the crosshairs of the gunfire, and it was terrifying for him.

18. Plaintiff was diagnosed with PTSD from this event, and it affected his relationships, both personal and in his employment, and Plaintiff had to take some time off of work because of this.

19. Upon information and belief, some of his treatment by Defendant may have been related to this.

20. On or around February 8, 2024, Plaintiff was in a staff meeting.

21. The Director, Angel Ferrera, who is White, came into the meeting late and did not speak.

22. During the meeting, Plaintiff's phone rang, and he noticed it was another employee, so he went into the hallway to answer it.

23. Plaintiff gave that employee the supervisor's number that he requested and went back into the meeting.

24. When Plaintiff returned, the Director berated him, telling him that he did not need to be on his phone.

25. She did not give Plaintiff the chance to explain that it had been a work-related call or to say anything in response.

26. After the meeting, Plaintiff left to get something to eat and, as he was driving, he happened to pull up beside the Director at a stop light.

27. Plaintiff looked over at her and shook his head. She was initially in a turn lane but as Plaintiff started to go straight, he noticed she pulled out of the turn lane and got behind him.

28. Plaintiff turned off to get his lunch, and when he got back to work, the Director and the Manager, Shaya, were waiting in the lobby for him.

29. Plaintiff told them he felt threatened and intimidated by them and asked them to record the conversation because of this.

30. The Director responded that she felt intimidated by Plaintiff and that she was going to call Human Resources because Plaintiff shook his head.

31. Plaintiff told The Director that he felt like he needed to talk to a lawyer.

32. On or around February 9, 2024, Plaintiff received a call while he was at work saying he needed to meet with Human Resources.

33.  Plaintiff drove downtown to meet with Human Resources and told them what had happened.

34.  Plaintiff was informed he was being placed on paid administrative leave and that they were conducting an investigation.

35.  Plaintiff reported his treatment to commissioner Mike Kane and a union representative.

36.  On or about March 26, 2024, Plaintiff received a letter saying he was terminated effective March 15, 2024.

37.  Prior to Plaintiff's termination, he had never received a write-up, and he had received employee of the month.

38.  During his time working with Respondent, Plaintiff was never paid overtime, only comp time. Plaintiff was rarely allowed to use vacation or comp time, and the comp time would just build up because Plaintiff would be made to work overtime.

39.  When Plaintiff was terminated, he lost all of this time.

40.  Additionally, there were several other White employees who were hired after him with no experience and were paid at a higher rate than Plaintiff.

41.  Upon information and belief, Plaintiff was discriminated against, terminated and paid less because of his disability and/or perceived disability, age, sex and because of his race. As a result of Defendants' actions, Plaintiff is seeking back-pay, front-pay, emotional distress damages, attorney's fees, and any other remedy this Court deems appropriate.

### COUNT I
### DISPARATE TREATMENT BASED
### ON RACE IN VIOLATION OF TITLE VII

42.  Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

5

43. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment by Defendant, based on his race.

44. During Plaintiff's employment with Defendant, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination/disparate treatment by Defendant, based on his race.

45. Plaintiff was subjected to different work requirements than other similarly situated White employees in the terms and conditions of his employment.

46. Plaintiff's race, Black, was a motivating factor in Defendant's disparity of wages to other similarly situated White employees.

47. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

48. All actions or inactions of or by Defendant occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

49. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

50. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys'

fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

**COUNT II
DISPARATE TREATMENT
BASED ON SEX IN VIOLATION OF TITLE VII**

51. Plaintiff incorporates the allegations contained in the above-stated paragraphs as if fully set forth herein.

52. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment, based on his sex, male, by Defendant.

53. During Plaintiff's employment with Defendant, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination/disparate treatment based on his sex, male, by Defendant.

54. Plaintiff was subjected to different work requirements than other similarly situated employees of a different sex in regard to the terms and conditions of his employment.

55. Plaintiff's sex was a motivating factor in Defendant's decision to discipline Plaintiff.

56. Plaintiff's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

57. Plaintiff's sex was a motivating factor in Defendant's decision to harass Plaintiff.

58. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

59. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

60. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

61. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF TITLE VII**

62. Plaintiff incorporates the allegations contained in the above-stated paragraphs as though fully set forth herein.

63. During Plaintiff's employment with Defendant, Plaintiff was subjected to a hostile and offensive work environment based upon his sex and race, by Defendant's employees and Plaintiff's supervisors, which constituted a continuing pattern of unwelcome

harassment, which Plaintiff found, and which a reasonable person would find, to be offensive, and which altered the terms, conditions and/or privileges of his employment.

64. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

65. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

66. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

67. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

68. Defendant's actions were malicious and were committed with reckless indifference to the Plaintiff's rights.

69. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

70. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in the above-stated paragraphs.

71. Plaintiff is a member of a protected class because of his race and sex.

72. Plaintiff engaged in protected activity under Title VII.

73. Defendants took adverse actions against Plaintiff as a result of his engaging in the aforementioned protected activity, including increased harassment and termination.

74. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT V
## DISPARATE TREATMENT BASED ON DISABILITY
## IN VIOLATION OF THE ADA

75. Plaintiff incorporates the allegations contained in the above-stated paragraphs as though fully set forth herein.

76. Plaintiff has a disability as defined by the ADA.

77. Defendant perceived Plaintiff to have a disability as defined by the ADA.

78. Plaintiff is a qualified individual as defined by the ADA, due to his disability and/or Defendant's perception that Plaintiff is disabled.

79. Plaintiff could perform the essential functions of his job duties for Defendant with or without reasonable accommodation.

80. During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment, based on his disability and/or his perceived disability.

81. During Plaintiff's employment with Defendant, Plaintiff was subjected to an ongoing practice and/or pattern of discrimination/disparate treatment based on his disability and/or his perceived disability.

82. Plaintiff was subjected to different work requirements than other similarly situated employees in regard to the terms and conditions of his employment because of his disability and/or his perceived disability.

83. Plaintiff was subjected to a disparity of wages more than other similarly situated employees because of his disability and/or his perceived disability.

84. Plaintiff's disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

85. Plaintiff's disability was a motivating factor in Defendant's decision to harass Plaintiff.

86. Defendant's actions and/or omissions constitute a pattern or practice of discriminatory behavior.

87. All actions or inactions of or by Defendant occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

88. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of the ADA, as alleged herein.

89. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE ADA

90. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs.

91. Plaintiff is disabled and/or Defendant regarded him as disabled, as defined by the ADA, at all relevant times herein.

92. Plaintiff is a member of a protected class because of his disability and/or because he was regarded as being disabled and because he requested accommodation.

93. Plaintiff complained of and opposed discriminatory treatment when he requested accommodation, and when he complained of discrimination.

94. Plaintiff requested reasonable accommodations from Defendant due to his medical condition.

95. In retaliation against Plaintiff's complaints of discrimination and/or request for accommodation in connection with Plaintiff's disability, Plaintiff was subjected to harassment and discrimination.

96. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, including wages and benefit as well as other monetary and non-monetary benefits.

97. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

98. By failing to take prompt and effective remedial action, Defendant, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT VII
## VIOLATIONS OF THE KWPA

99. Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs.

100. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

101. Plaintiff was an employee of Defendants.

102. Defendant is an "employer" under the KWPA (K.S.A. § 44-313(a)).

103. Plaintiff is an "employee" within the meaning of the KWPA (K.S.A. § 44-313(b)).

104. Plaintiff worked for Defendant, providing services as a Recreational Specialist.

105. Defendant agreed to provide compensation to Plaintiff for his services, including, among other things, a salary and "Comp time" that was awarded for working overtime.

106. Plaintiff earned this compensation, including the "Comp time" payments, by working for Defendant.

107. Plaintiff satisfied any and all conditions precedent to earning the compensation, including the "Comp time."

108. The "Comp time" constitute "wages" under the KWPA.

109. Defendant has failed and refused to pay Plaintiff the "Comp time" he has earned.

110. Defendant continues to refuse to pay Plaintiff the "Comp time" he has earned.

111. Defendant continues to fail to pay Plaintiff all his earned wages in violation of the KWPA (K.S.A. § 44-313(c)).

112. As a consequence of its willful violations of the KWPA, wages have been unlawfully withheld by Defendant from Plaintiff, for which Defendant is liable, together with pre-judgment and post judgment interest, reasonable attorney fees and costs of this action.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for

such other and further legal and equitable relief as allowed by law and that this Court deems just and proper.

## COUNT VIII
## FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE FLSA

113. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

114. Plaintiff was employed by Defendant.

115. During this time, Plaintiff performed work for Defendant in the position of Recreational Specialist.

116. Plaintiff was frequently required to work overtime but was not paid for this time.

117. Plaintiff brings this Complaint individually pursuant to the FLSA, 29 U.S.C. § 216(b).

118. Upon information and belief, Plaintiff was subject to Defendant's common practice, policy, or plan of refusing to pay minimum wage and overtime in violation of the FLSA.

119. Alternatively, upon information and belief, Plaintiff was subject to the refusal to pay minimum wage and overtime in violation of the FLSA because of Plaintiff's race.

120. At all relevant times, each of the Defendants has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 et seq.

121. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff.

122. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees minimum wage for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

15

123. Plaintiff is not exempt from the right to receive minimum wage and/or overtime pay under the FLSA and is not exempt from the requirement that his employer pay him overtime compensation under the FLSA.

124. Plaintiff is entitled to be paid minimum wage and overtime compensation for all overtime hours worked.

125. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Plaintiff minimum wage for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

126. Defendant's failure to compensate Plaintiff minimum wage for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1).

127. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

128. The Plaintiff seeks damages in the amount of all respective unpaid minimum wage and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant, and award Plaintiff damages for minimum wages and overtime compensation due for the Plaintiff, liquidated damages, to be paid by Defendant; costs and expenses of this action

incurred herein, including reasonable attorneys' fees and expert fees; and any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint, and all other matters arising therefrom. Pursuant to D. Kan. Rule 40.2(a), Plaintiff requests the trial be held in Kansas City, Kansas.

Respectfully Submitted,

**EDELMAN, LIESEN & MYERS, L.L.P.**

/s/Sarah. C. Liesen
Sarah C. Liesen          KS #26988
208 W. Linwood Blvd.
Kansas City, Missouri 64110
Telephone: (816) 301-4056
Facsimile: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**